**CLARKSON LAW FIRM, P.C.**
Ryan J. Clarkson (SBN 257074)
*rclarkson@clarksonlawfirm.com*
Yana Hart (SBN 306499)
*yhart@clarksonlawfirm.com*
Bryan P. Thompson (SBN 354683)
*bthompson@clarksonlawfirm.com*
22525 Pacific Coast Highway
Malibu, CA 90265
Tel: (213) 788-4050
Fax: (213) 788-4070

*Counsel for Plaintiffs and the Proposed Classes*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| G.E., individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>STIIIZY INC.,<br><br>Defendant. | Case No.: 2:25-cv-00490-GW-SSC<br><br>Assigned for All Purposes to: Courtroom 9D; Hon. George H. Wu<br><br>**CLASS ACTION**<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO CONSOLIDATE CASES AND APPOINT INTERIM CO-LEAD COUNSEL**<br><br>[*Filed Concurrently with Notice, Declarations, and [Proposed] Order*]<br><br>**Hearing Information**<br>Date: April 7, 2025<br>Time: 8:30 a.m.<br>Courtroom: 9D<br><br>Complaint Filed: January 17, 2025 |

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION
TO CONSOLIDATE CASES AND APPOINT INTERIM CO-LEAD COUNSEL

Clarkson Law Firm, P.C.  |  22525 Pacific Coast Highway, Malibu, CA 90265  |  P.: (213) 788-4050  F.: (213) 788-4070  |  clarksonlawfirm.com

Clarkson Law Firm, P.C.  |  22525 Pacific Coast Highway, Malibu, CA 90265  |  P: (213) 788-4050  F: (213) 788-4070  |  clarksonlawfirm.com

| | |
|---|---|
| ROBERT KRAUTH, individually and on behalf of all others similarly situated,<br><br>               Plaintiff,<br><br>     vs.<br><br>STIIIZY INC.,<br><br>               Defendant. | Case No. 2:25-cv-00517-GW-RAO<br><br>Assigned for All Purposes to:<br>Courtroom 9D; Hon. George H. Wu<br><br>Complaint Filed: January 21, 2025 |
| DONALD HATCH, individually and on behalf of all others similarly situated,<br><br>               Plaintiff,<br><br>     vs.<br><br>STIIIZY, INC., a Delaware corporation, CV WELLNESS, LLC dba AUTHENTIC 209,<br><br>               Defendants. | Case No. 2:25-cv-00554-HDV-E<br><br>Assigned for All Purposes to:<br>Courtroom 5B; Hon. Hernán D. Vera<br><br>Complaint Filed: January 22, 2025 |
| RYAN WENZEL, individually and on behalf of all others similarly situated,<br><br>               Plaintiff,<br><br>     vs.<br><br>STIIIZY, INC.,<br><br>                Defendant. | Case No. 2:25-cv-00510-MRA-SK<br><br>Assigned for All Purposes to:<br>Courtroom 10B; Hon. Monica Ramirez Almadani<br><br>Complaint Filed: January 21, 2025 |

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION
TO CONSOLIDATE CASES AND APPOINT INTERIM CO-LEAD COUNSEL

1

# **TABLE OF CONTENTS**

I.    INTRODUCTION ................................................................................................. 1

II.   BACKGROUND ................................................................................................. 2

III.  LEGAL STANDARD ......................................................................................... 3

IV.   ARGUMENT....................................................................................................... 4

    A. Consolidation of the Related Actions is Proper ........................................ 4

    B. Appointment of Interim Class Counsel is Appropriate ........................... 4

        i.    Proposed Interim Class Counsel Have Performed Substantial
            Work Investigating and Litigating the Claims to Date ................ 6

        ii.   Proposed Interim Class Counsel Possess the Necessary
            Experience, Skill, and Knowledge of the Law to Prosecute this
            Action ........................................................................................ 7

        iii.  Proposed Interim Class Counsel Have Committed, and Will
            Continue to Commit, the Resources Necessary to Fairly and
            Adequately Represent the Class................................................ 14

        iv.   Other Factors Support Designating Proposed Interim Class
            Counsel..................................................................................... 14

V.    CONCLUSION ................................................................................................. 16

Clarkson Law Firm, P.C.  |  22525 Pacific Coast Highway, Malibu, CA 90265  |  P: (213) 788-4050  F: (213) 788-4070  |  clarksonlawfirm.com

# <u>TABLE OF AUTHORITIES</u>

<u>Cases</u>                                                                                  <u>Page No.</u>

*Adedipe v. U.S. Bank, Nat'l Ass'n.*
    2014 U.S. Dist. LEXIS 28239 (D. Minn. Feb. 4, 2014) ...................................... 6

*Azpeitia v. Tesoro Ref. & Mktg. Co. LLC*
    2017 WL 4071368 (N.D. Cal. Sept. 14, 2017) ........................................................ 5

*Baton et al. v. Ledger SAS et al.,*
    2022 WL 17352192 (9th Cir. 2022) ..................................................................... 10

*Bolooki v. Honda Motor Co. Ltd.*
    2023 U.S. Dist. LEXIS 55616 (C.D. Cal. Feb. 21, 2023) ...................................... 5

*Dependable Component Supply Corp. v. Murata Mfg. Co.*
    2018 WL 3388548, at *2 (N.D. Cal. Apr. 27, 2018) ............................................. 7

*Easton v. Bailey*
    2013 U.S. Dist. LEXIS 206751 ........................................................................... 16

*Ekin v. Amazon Servs., LLC*
    2014 WL 12028588 ............................................................................................. 16

*Gordon v. Chipotle Mexican Grill, Inc.*
    2019 WL 6972701, at *1 (D. Colo. Dec. 16, 2019) ............................................. 8

*Gunaratna, et al., v. Dr. Dennis Gross Skincare, LLC*
    2023 U.S. Dist. LEXIS 60796 ........................................................................... 11

*Howse v. Chiquita Canyon, LLC*
    2024 U.S. Dist. LEXIS 210396 (C.D. Cal. Nov. 19, 2024) .................................. 4

*In re Data Breach Sec. Litig. Against Caesars Ent., Inc.*
    2024 U.S. Dist. LEXIS 104130 ........................................................................... 15

*In re F21 Opco LLC Data Breach Litig.*
    2024 U.S. Dist. LEXIS 105444 (C.D. Cal. June 12, 2024) .............................. 4, 5

*In re IndyMac ERISA Litig.*
    2008 U.S. Dist. LEXIS 128259, 2008 WL 11343122 .......................................... 6

Clarkson Law Firm, P.C. | 22525 Pacific Coast Highway, Malibu, CA 90265 | P: (213) 788-4050 F: (213) 788-4070 | clarksonlawfirm.com

*In re Kia Hyundai Vehicle Theft Litig.*

 2024 U.S. Dist. LEXIS 197781 (C.D. Cal. Sep. 30, 2024) ................................ 8

*In re Lenovo Adware Litig.*

 2015 WL 10890657 (N.D. Cal. July 27, 2015) ............................................ 5,7, 8

*In re Meta Pixel Healthcare Litig.*

 2022 WL 18399978 (N.D. Cal. Dec. 21, 2022) ................................................ 8

*In re Sandisk SSDS Litig.,*

 2023 WL 10367607 ....................................................................................... 16

*Invs. Rsch. Co. v. U.S. Dist. Ct. for C.D. Cal.,*

 877 F.2d 777 (9th Cir. 1989) ......................................................................... 3

*Jine v. OTA Fran. Corp.,*

 2020 U.S. Dist. LEXIS 247237 (C.D. Cal. Sep. 11, 2020) .............................. 4

*Paraggua v. LinkedIn Corp.,*

 2012 WL 3763889 (N.D. Cal. Aug. 29, 2012) ................................................ 4

*Prescod v. Celsius Holdings, Inc.,*

 2021 WL 5234499 (Aug. 2, 2021) ................................................................ 10

*Stross v. Google, LLC,*

 2023 WL 3292854 (C.D. Cal. May 4, 2023) ................................................... 3

*Wang v. OCZ Tech. Grp., Inc.,*

 276 F.R.D. 618 at *4 (N.D. Cal. June 29, 2011) ............................................ 5

*White v. TransUnion, LLC*

 239 F.R.D. 681 (C.D. Cal. 2006) ................................................................... 3

**Rules & Statutes**

Fed. R. Civ. P. 23 ............................................................................................ 5

Fed. R. Civ. P. 23(g) ................................................................................. 5, 6, 7

Fed. R. Civ. P. 23(g)(1)(A)-(B) ................................................................. 6, 14

Fed. R. Civ. P. 23(g)(3) .............................................................................. 3,4

Fed. R. Civ. P. 42(a) ....................................................................................... 3

Clarkson Law Firm, P.C.  |  22525 Pacific Coast Highway, Malibu, CA 90265  |  P: (213) 788-4050  F: (213) 788-4070  |  clarksonlawfirm.com

Fed. Prac. & Proc. § 1802.3 (3d ed. 2005) ........................................................... 6

**Other Authorities**

*Manual for Complex Litigation (Fourth)* (MCL), § 21.272 ............................................ 1

*Manual for Complex Litigation (Fourth)* (MCL) § 10.22 ........................................ 1,5

*Manual for Complex Litigation (Fourth)* (MCL) § 10.221 ......................................... 8

*Manual for Complex Litigation (Fourth)* (MCL) § 11.631 ......................................... 3

*Manual for Complex Litigation (Fourth)* (MCL) § 21.11 ............................................ 3

Clarkson Law Firm, P.C.  |  22525 Pacific Coast Highway, Malibu, CA 90265  |  P: (213) 788-4050  F: (213) 788-4070  |  clarksonlawfirm.com

Clarkson Law Firm, P.C. | 22525 Pacific Coast Highway, Malibu, CA 90265 | P: (213) 788-4050  F: (213) 788-4070 | clarksonlawfirm.com

<u>**MEMORANDUM OF POINTS AND AUTHORITIES**</u>

**I.    INTRODUCTION**

This litigation arises from a data breach that occurred between October 10, 2024, and November 10, 2024, wherein an unauthorized third party accessed and acquired highly-sensitive personal information, including but not limited to names, addresses, dates of birth, drivers' license numbers, passport numbers, photographs, the signatures appearing on government ID cards, and medical cannabis cards, ("Private Information") of certain customers of Defendant STIIIZY, Inc. ("STIIIZY" or "Defendant"). Four cases have been filed in this District, as well as a number of cases in California State Court. At this time, no case has been certified.

Because all the putative class actions arise out of the same data beach, they raise substantially the same, if not identical, questions of law and fact and otherwise satisfy the standard for consolidation under Federal Rules of Civil Procedure 42(a).

The leadership proposal is supported by two of the four Plaintiffs with actions pending in this court and is comprised of seasoned privacy and data breach class action lawyers. The combination of talent and perspectives will ensure the effective and efficient prosecution of this matter. With the full support of their respective firms, each proposed attorney is able to devote, and is fully committed to devoting, all resources necessary to successfully litigate this putative class action to conclusion, on behalf of their clients and in the best interests of the hundreds-of-thousands like them harmed as a result of STIIIZY's inadequate security measures.

In this situation, the Manual for Complex Litigation §§ 10.22, 21.272 encourages the "private ordering" among Plaintiffs' counsel to determine a leadership structure for prosecution of the consolidated litigation. Consistent with that directive, and in keeping with its spirit of cooperation, Plaintiffs' counsel across two pending actions have been able to come together and agree upon a proposed leadership structure, rather than submitting competing leadership applications. Plaintiffs G.E. and Donald Hatch

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION
TO CONSOLIDATE CASES AND APPOINT INTERIM CO-LEAD COUNSEL

Clarkson Law Firm, P.C.  |  22525 Pacific Coast Highway, Malibu, CA 90265  |  P: (213) 788-4050  F:(213) 788-4070  |  clarksonlawfirm.com

("Moving Plaintiffs") have agreed upon a leadership proposal comprised of Yana Hart of Clarkson Law Firm, P.C. and Thomas E. Loeser of Cotchett Pitre & McCarthy LLP, as Interim Co-Lead Counsel ("Proposed Co-Lead Counsel"). Both Ms. Hart and Mr. Loeser are seasoned privacy and data breach class action lawyers. The proposed leadership team's diverse talent and combined expertise will drive an effective and efficient prosecution of this case. Supported by their firms, each co-lead is committed to dedicating the necessary resources to successfully litigate this class action, securing justice for their clients and the hundreds of thousands harmed by STIIIZY's inadequate security measures.

## II.    BACKGROUND

There are currently four putative class actions arising from the Data Breach pending in the Central District of California, and a number of similar cases pending in Superior Court of Los Angeles County, California. At this point, no class has been certified. Plaintiffs and putative class members are individuals whose personal, sensitive information was compromised in the Data Breach. The cases filed in this District to date are listed below (the "Related Actions"):

1. *G.E. v STIIIZY*, *Inc.,* Case No. 2:25-cv-00490-GW-SSC ("*G.E.*");

2. *Krauth v. STIIIZY Inc.*, Case No. 2:25-cv-00517-GW-RAO ("*Krauth*");

3. *Hatch v. STIIIZY, Inc.*, Case No. 2:25-cv-00554-HDV-E ("*Hatch*"); and

4. *Wenzel v. STIIIZY, Inc.,* Case No. 2:25-cv-00510-MRA-SK ("*Wenzel*").

On February 10, 2025, Plaintiff G.E. filed an Amended Notice of Related Cases pursuant to Local Rule 83-1.3 to relate the *Krauth*, *Hatch*, and *Wenzel* matters to the G.E. matter as the lowest numbered and first-filed case currently pending (DKT No. 12). Ms. Hart's firm represents Plaintiff G.E. and Mr. Loeser subsequently entered an appearance for Plaintiff Donald Hatch, whose case was originally filed by Edward Wynne of Edward J. Wynne LLP and James Clapp of Clapp & Lauinger LLP, who continue to represent Mr. Hatch as well. All counsel in the G.E. and Hatch matters

2

1 support this Motion to Consolidate and Appoint Leadership.

2 **III.       LEGAL STANDARD**

3      When two or more actions "before the court involve a common question of law
4 or fact," Fed. R. Civ. P. 42(a) permits the court to: "(1) join for hearing or trial any or
5 all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other
6 orders to avoid unnecessary cost or delay." *See* Fed. R. Civ. P. 42(a). A district court
7 has "broad discretion . . . to consolidate cases pending in the same district." *Invs. Rsch.*
8 *Co. v. U.S. Dist. Ct. for C.D. Cal*., 877 F.2d 777, 777 (9th Cir. 1989). Consolidation
9 under Rule 42(a) is proper when actions involve common questions of law and fact.
10 *See* MCL, § 11.631. "In determining whether to consolidate actions, the court weighs
11 the interest of judicial convenience against the potential for delay, confusion, and
12 prejudice caused by consolidation." *Stross v. Google, LLC*, 2023 WL 3292854, at *1
13 (C.D. Cal. May 4, 2023).

14      Concurrently, under Fed. R. Civ. P. 23(g)(3), "[t]he court may designate interim
15 counsel to act on behalf of a putative class before determining whether to certify the
16 action as a class action." Appointing interim class counsel is particularly appropriate
17 where, as here, overlapping class suits are pending. *See* MCL, § 21.11 (explaining that
18 appointing interim class counsel during the period before decision on class certification
19 is appropriate in situations involving multiple overlapping putative class actions); *see*
20 *also White v. TransUnion, LLC,* 239 F.R.D. 681, 683 (C.D. Cal. 2006) (citation
21 omitted) ("Instances in which interim class counsel is appointed are those in which
22 overlapping, duplicative, or competing class suits are pending before a court, so that
23 appointment of interim counsel is necessary to protect the interests of class members.").

24      Early appointments are beneficial in complex cases because they "clarif[y]
25 responsibility for protecting the interests of the class during precertification activities,
26 such as making and responding to motions, conducting any necessary discovery,
27 moving for class certification, and negotiating settlement." *See* MCL, § 21.11.

28

Clarkson Law Firm, P.C.  |  22525 Pacific Coast Highway, Malibu, CA 90265  |  P: (213) 788-4050  F: (213) 788-4070  |  clarksonlawfirm.com

3

Clarkson Law Firm, P.C. | 22525 Pacific Coast Highway, Malibu, CA 90265 | P: (213) 788-4050  F: (213) 788-4070 | clarksonlawfirm.com

**IV.     ARGUMENT**

### A.     Consolidation of the Related Actions is Proper

Here, "[t]he [four] actions arise out of fundamentally common questions of law and fact and failure to consolidate would simply result in repetitive motions and hearings." *Jine v. OTA Fran. Corp.,* 2020 U.S. Dist. LEXIS 247237, *45 (C.D. Cal. Sept. 11, 2020). The Related Actions assert multiple common causes of action against the same Defendant – STIIIZY – relating to the same factual underpinnings and seek the same relief in response to the same Data Breach. The Related Actions each seek certification of similar overlapping classes and allege that the Plaintiffs and Class Members suffered harm because their sensitive Private Information was exposed to cybercriminals without their authorization, due to Defendant's failure to properly secure their data.

Consolidation of the Related Actions will simplify discovery, pretrial motions, class certification issues, and other case management issues, especially given that the cases are at their procedural inception. It will also avoid delay, duplicative litigation efforts, and the risk of inconsistent rulings, without prejudicing any party. Moving Plaintiffs G.E. and Hatch therefore request that the Court consolidate them. *See, e.g., Howse v. Chiquita Canyon, LLC,* 2024 U.S. Dist. LEXIS 210396, at *100 (C.D. Cal. Nov. 19, 2024) (finding consolidation appropriate where it would bolster efficiency and avoid duplicative efforts of the parties); *In re F21 Opco LLC Data Breach Litig.*, 2024 U.S. Dist. LEXIS 105444 (C.D. Cal. June 12, 2024) (consolidating seven data breach cases with common questions of law and fact).

### B.     Appointment of Interim Class Counsel is Appropriate

Fed. R. Civ. P. 23(g)(3) permits the appointment of interim lead counsel "to act on behalf of putative class members before determining whether to certify the action as a class action." *Paraggua v. LinkedIn Corp.*, 2012 WL 3763889, at *1 (N.D. Cal. Aug. 29, 2012) (quoting Fed. R. Civ. P. 23(g)(3)). Designating lead counsel now, as

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO CONSOLIDATE CASES AND APPOINT INTERIM CO-LEAD COUNSEL

Clarkson Law Firm, P.C. | 22525 Pacific Coast Highway, Malibu, CA 90265 | P: (213) 788-4050  F: (213) 788-4070 | clarksonlawfirm.com

1  this complex litigation is being organized, ensures the protection of the interests of the

2  class in preparing consolidated Complaints, drafting and responding to motions,

3  conducting discovery, and negotiating possible settlements. *See Wang v. OCZ Tech.*

4  *Grp., Inc.*, 276 F.R.D. 618 at *4 (N.D. Cal. June 29, 2011) (A court should

5  "designate interim counsel during the pre-certification period if necessary to protect

6  the interests of the putative class.") (citing Fed. R. Civ. P. 23).

7        Determining the appointment of lead class counsel requires the Court to consider

8  counsels' (1) work in identifying and investigating potential claims; (2) experience in

9  handling class action and complex litigation and the types of claims asserted in the

10  action; (3) knowledge of the applicable law; and (4) available resources. *See Azpeitia*

11  *v. Tesoro Ref. & Mktg. Co. LLC*, 2017 WL 4071368, at *2 (N.D. Cal. Sept. 14, 2017)

12  (quoting Fed. R. Civ. P. 23(g)(1)(A)). The Court may also consider "any other matter

13  pertinent to counsel's ability to fairly and adequately represent the interests of the

14  class." Fed. R. Civ. P. 23(g)(1)(B). Courts in the Ninth Circuit have also considered

15  additional factors such as counsel's willingness to work cooperatively with others, *see*

16  *In re Lenovo Adware Litig.,* 2015 WL 10890657, at *1 (N.D. Cal. July 27, 2015), and

17  the diversity of the proposed interim leadership group, *see Bolooki v. Honda Motor Co.*

18  *Ltd.,* 2023 U.S. Dist. LEXIS 55616 (C.D. Cal. Feb. 21, 2023). Here, all of the Rule

19  23(g) and other relevant factors support appointing the Proposed Interim Class

20  Counsel.

21        The purpose of this Court's review is to ensure that counsel appointed to leading

22  roles are "qualified and responsible, that they will fairly and adequately represent all

23  parties on their side, and that their charges will be reasonable."  MCL § 10.22. The

24  ultimate goal is "achieving efficiency and economy without jeopardizing fairness to

25  parties." *Id.* § 10.221; *see also, see also In re F21 Opco LLC Data Breach Litig.*, 2024

26  U.S. Dist. LEXIS 105444, at *3-5 (C.D. Cal. June 12, 2024) (creating efficiency by

27  appointing interim lead counsel in a data breach class action). Ultimately, no single

28

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION
TO CONSOLIDATE CASES AND APPOINT INTERIM CO-LEAD COUNSEL

factor is determinative; instead, a court should appoint counsel after evaluating all relevant considerations and comparing the relative strengths of counsel. *See* Fed. R. Civ. P. 23(g)(1)(A)-(B); 7B Charles Alan Wright et al., *Fed. Prac. & Proc.* § 1802.3 (3d ed. 2005).

Proposed Interim Class Counsel satisfy all the requirements for appointment by the Court under Fed. R. Civ. P. 23(g)(3). Ms. Hart and Mr. Loeser have successfully litigated numerous class actions involving privacy claims on behalf of tens of millions of consumers. Proposed Interim Class Counsel possess the necessary resources to prosecute this litigation, are working together collectively already, and will continue to work in this fashion to manage this litigation effectively and efficiently. Because the Proposed Interim Class Counsel have the case-management and complex-litigation skills, experience, knowledge of the relevant facts and legal issues, support of two of the four Plaintiffs in Related Actions in this District, and the extensive resources needed to efficiently prosecute this action on behalf of putative class members, the Court should grant Moving Plaintiffs' motion.

### i. Proposed Interim Class Counsel Have Performed Substantial Work Investigating and Litigating the Claims to Date

One factor courts consider when appointing lead counsel is the work and resources counsel expend investigating the claims being asserted. *See, e.g., Adedipe v. U.S. Bank, Nat'l Ass'n,* 2014 U.S. Dist. LEXIS 28239, at *6 (D. Minn. Feb. 4, 2014) (appointing interim class counsel because they "devoted the more substantial effort towards pre-suit investigation and identification of claims"); *In re IndyMac ERISA Litig.*, 2008 U.S. Dist. LEXIS 128259, 2008 WL 11343122, at *2 (C.D. Cal. Oct. 7, 2008) (same).

Here, immediately after the public announcement of the Data Breach, Proposed Interim Class Counsel began investigating potential legal claims and remedies for the victims of the breach. Those investigations included, among other things:

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO CONSOLIDATE CASES AND APPOINT INTERIM CO-LEAD COUNSEL

Clarkson Law Firm, P.C. | 22525 Pacific Coast Highway, Malibu, CA 90265 | P: (213) 788-4050 F: (213) 788-4070 | clarksonlawfirm.com

- Investigating the facts surrounding the data breach;

- Reviewing regulatory filings and media reports regarding the data breach;

- Interviewing consumers injured by the data breach;

- Researching legal claims in the ever-evolving field of privacy law;

- Drafting initial pleadings;

- Investigating and consulting with experts in the area of data security and damages; and

- Organizing Plaintiffs and counsel and discussing consolidating the relevant actions and preparing the consolidation and proposed leadership papers.

Proposed Interim Class Counsel will continue to operate as a cohesive, well-organized group. Going forward, and if appointed, Proposed Interim Class Counsel will establish a standardized protocol for managing and reporting time and expenses incurred to prosecute the case as efficiently as possible. *See*, *In re Lenovo Adware Litig.*, 2015 WL 10890657, at *2 (noting that the establishment of a "reasonable, fair, and transparent" billing protocol is an important factor in selecting interim class counsel). Work assignments will continue to be allocated fairly and in a manner that takes advantage of the strengths of each firm while eliminating any duplication and conserving the time and resources of the parties and of the court. Accordingly, the substantial work and investigation to date weigh in favor of appointing Proposed Interim Class Counsel under Fed. R. Civ. P.  23(g)(3), as Proposed Interim Class Counsel are organized, unified, and committed to working together for the best interests of the class. *Dependable Component Supply Corp. v. Murata Mfg. Co.*, 2018 WL 3388548, at *2 (N.D. Cal. Apr. 27, 2018) (selecting interim counsel based on the effort expended to investigate the claims and the resources available to prosecute the litigation).

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION
TO CONSOLIDATE CASES AND APPOINT INTERIM CO-LEAD COUNSEL

Clarkson Law Firm, P.C.  |  22525 Pacific Coast Highway, Malibu, CA 90265  |  P: (213) 788-4050  F: (213) 788-4070  |  clarksonlawfirm.com

Clarkson Law Firm, P.C. | 22525 Pacific Coast Highway, Malibu, CA 90265 | P: (213) 788-4050 F: (213) 788-4070 | clarksonlawfirm.com

### ii. Proposed Interim Class Counsel Possess the Necessary Experience, Skill, and Knowledge of the Law to Prosecute this Action

A primary factor in selecting interim counsel is their experience, skill, knowledge, and familiarity with the relevant law. *See, e.g.*, *In re Meta Pixel Healthcare Litig.,* 2022 WL 18399978, at *2 (N.D. Cal. Dec. 21, 2022). Proposed Interim Class Counsel possess the experience and skill to prosecute this action efficiently and effectively. As set forth below, their résumés include extensive experience leading data breach and other complex class actions. This experience will drive their ability to formulate and present compelling positions on substantive and procedural issues during the litigation, in the best interest of the putative class. *See* MCL § 10.221 ("Typically [lead counsel] act for the group—either personally or by coordinating the efforts of others—in presenting written and oral arguments and suggestions to the court, working with opposing counsel in developing and implementing a litigation plan, initiating and organizing discovery requests and responses, conducting the principal examination of deponents, employing experts, arranging for support services, and seeing that schedules are met."). Courts have found that proposed leadership's experience and service as lead counsel in prior cases is particularly persuasive. *See, e.g.*, *In re Lenovo Adware Litig.*, 2015 WL 10890657, at *2 (N.D. Cal. July 27, 2015) (finding class-action and complex litigation leadership experience relevant for appointment).

Data breach cases present unique and novel issues of fact and law that are always evolving. *See, e.g., Gordon v. Chipotle Mexican Grill, Inc.*, 2019 WL 6972701, at *1 (D. Colo. Dec. 16, 2019) ("Data breach cases . . . are particularly risky, expensive, and complex."). Because data breach cases require an understanding of the technical issues of data hacking, data privacy measures, and industry standards, appointing interim class counsel who are experienced in complex class action litigation, including data breach litigation and related issues, is in the best interest of the Class. *See In re Kia Hyundai Vehicle Theft Litig.,* 2024 U.S. Dist. LEXIS 197781 (C.D. Cal. Sep. 30, 2024)

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO CONSOLIDATE CASES AND APPOINT INTERIM CO-LEAD COUNSEL

Clarkson Law Firm, P.C.   |   22525 Pacific Coast Highway, Malibu, CA 90265   |   P: (213) 788-4050   F: (213) 788-4070   |   clarksonlawfirm.com

1   (noting the complex nature of data breach litigation and the "considerable effort and

2   skill" needed by appointed leadership to adequately represent the plaintiffs).

3        Proposed Interim Class Counsel will ensure proper staffing and efficient

4   leadership, preventing overbilling. This relatively straightforward single-defendant

5   data breach case warrants a two-person leadership structure, streamlining litigation,

6   minimizing costs, and ensuring accountability. This approach also conserves time and

7   resources for potential early resolution.

8        As demonstrated below, Proposed Interim Class Counsel each have substantial

9   data breach class-action experience, resources, and knowledge that will benefit the

10   putative class as this litigation proceeds.

11   ***Proposed Co-Lead Counsel: Yana Hart of Clarkson Law Firm, P.C.***

12        Yana Hart immigrated from Kazakhstan and Russia as a teenager who could not

13   speak any English. With little money or family support, Yana prioritized her education

14   and worked odd jobs to pay for college tuition and room and board. The embodiment

15   of hustle and perseverance, Yana graduated at the top of her undergraduate class and

16   decided to go to law school. Near the end of her 3L year, the law school dean called

17   Yana to notify her of an honor she had earned, but Yana had to consult a dictionary to

18   learn the meaning of the word: "Valedictorian." In the span of a decade, Yana earned

19   top educational honors, mastered the English language, became a proud U.S. citizen,

20   and began her successful career as a public interest lawyer, fighting for the underdogs

21   of the world.

22        Ms. Hart is now a partner at Clarkson Law Firm, P.C., a national public interest

23   law firm of 31 lawyers, where she oversees the Data Privacy Litigation department.

24   Ms. Hart's deep expertise in data breach class actions is complemented by her

25   collaborative style, unique background, and critically diverse perspectives. While Ms.

26   Hart's data breach expertise and leadership in this and other matters alone qualifies her

27

28

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION
TO CONSOLIDATE CASES AND APPOINT INTERIM CO-LEAD COUNSEL

for this appointment, her remarkable lived experience will also bring to leadership a unique perspective rarely represented.

For about a decade, Ms. Hart has represented plaintiffs in hundreds of cases, with the significant majority in federal courts throughout the nation, and she has overseen many complex privacy and data breach class actions. Most recently, the Honorable Jeffrey S. White appointed Ms. Hart Interim Co-Lead of *In re Dropbox Sign Data Breach Litigation,* No. 4:24-cv-02637-JSW, Dkt. 41 (N.D. Cal. Oct. 9, 2024).[1]

Ms. Hart's practice is dedicated to handling complex class actions, with a specific focus on consumer privacy and data breaches. The practice group deliberately maintains a limited number of cases to ensure Ms. Hart can commit the necessary time and resources to handle matters through trial and appeal, as required, and otherwise fully litigate important matters like this one. Ms. Hart's data breach experience is also complemented by deep experience at every functional stage of the litigation process. She has litigated many complex consumer class actions nearly through trial, and also had successfully briefed appeals in both federal and state courts.[2] A recent example of Ms. Hart's ability to litigate complex matters successfully is *Gunaratna, et al., v. Dr. Dennis Gross Skincare, LLC* (C.D. Cal. No. 2:20-cv-02311-MWF-GJS), a certified

---

[1] Other recent examples of Ms. Hart's privacy and data breach work include *B.K. et al. v. Desert Care et al.*, No. 2:23-cv-05021-SPG-PD (C.D. Cal., Feb. 1, 2024) (defeating pleading challenges for critical claims involving medical disclosure of patient information); *M.M., et al. v. Los Angeles Unified School District*, No. 22STCV37822 (Super. Ct. L.A. County, July 2, 2024) (Ms. Hart obtaining successful order overruling the demurrer against a third-party data vendor responsible for data breach disclosing highly sensitive personal and medical information); *C.M., et al. v. MarinHealth Medical Group, Inc.*, No 3:23-cv-04179-WHO (N.D. Cal., Jan. 19, 2024) (defeating motion to dismiss on all but one count in a class action involving disclosure of medical information).

[2] Recent examples include *Prescod v. Celsius Holdings, Inc.*, 2021 WL 5234499, at *27 (Aug. 2, 2021) (successfully opposing two appellate writs in favor of consumers resulting in a nationwide settlement before Hon. Kenneth Freeman); *Salazar v. Target Corporation*, 83 Cal.App.5th 571 (2022) (obtaining a reversal on appeal of an order sustaining a demurrer); *Baton et al. v. Ledger SAS et al.*, 2022 WL 17352192 (9th Cir. 2022) (obtaining a reversal of a district court's dismissal of data breach action on jurisdictional grounds, and subsequently obtaining a denial of a motion to dismiss on the merits)

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO CONSOLIDATE CASES AND APPOINT INTERIM CO-LEAD COUNSEL

Clarkson Law Firm, P.C.  |  22525 Pacific Coast Highway, Malibu, CA 90265  |  P: (213) 788-4050  F: (213) 788-4070  |  clarksonlawfirm.com

false advertising class action led by Ms. Hart. Recently, after years of arduous litigation, she gained final approval for a settlement that awarded nearly full restitution (73%) to participating class members, resulting in a claims rate that, at 23.8%, was more than 5 times what is typically seen in similar matters.[3] The Honorable Michael Fitzgerald of the Central District of California presided over the matter and can attest to the quality of Ms. Hart's work, diligence, and professionalism through the years of litigation. *Gunaratna*, 2023 U.S. Dist. LEXIS 60796, at *74 (C.D. Cal. Apr. 4, 2023) (observing the team led by Ms. Hart is "experienced, knowledgeable, and competent; that they will zealously advocate on behalf of the class; and that they will dedicate substantial time and resources litigating this action.")

In addition to securing excellent results for consumers in privacy and other class actions, Ms. Hart also has functional trial experience. In a civil rights matter before Judge Battaglia in the Southern District of California, which Ms. Hart took on a pro bono basis, she served as second chair of the full jury trial, handling almost all the substantive trial preparation, motions *in limine*, as well as the cross examination of several witnesses. *James v. Agnew et. al.*, No. 3:15-cv-409 (S.D. Cal. 2018). Like Judge Fitzgerald, Judge Battaglia can also attest to the quality of Ms. Hart's work and her dedication and diligence overall.

The respect Ms. Hart has earned from her colleagues in this matter, across the privacy bar, and members of the federal judiciary before whom she has meaningfully litigated is also evident in her recent appointment as the Lawyer Representative for the Southern District of California. Chief Judge Dana M. Sabraw noted: "Although there were many highly qualified attorneys applying for the position, the judges were particularly impressed by [Ms. Hart]."

---

[3] *Kandel et al. v. Dr. Dennis Gross Skincare, LLC*, No. 1:23-cv-01967-ER (final approval granted by Judge Ramos where the nationwide class action was filed).

11

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO CONSOLIDATE CASES AND APPOINT INTERIM CO-LEAD COUNSEL

Clarkson Law Firm, P.C.  |  22525 Pacific Coast Highway, Malibu, CA 90265  |  P: (213) 788-4050  F: (213) 788-4070  |  clarksonlawfirm.com

### *Proposed Co-Lead Counsel: Thomas E. Loeser of Cotchett Pitre & McCarthy, LLP*

Tom Loeser is a California and Washington lawyer and the co-managing partner of the Seattle office of Cotchett, Pitre & McCarthy. He is a Martindale-Hubbell AV Preeminent Rated Super Lawyer and member of Law Dragon's 500 Leading Lawyers in America and the National Trial Lawyers Top 100 Trial Lawyers. Mr. Loeser adds a hard-science background, and high-technology bona fides, to his 25 years of litigation experience. Mr. Loeser's prior technology career includes the authorship of code for the Treasury at Microsoft and a product analyst position at the Hewlett-Packard Company. Mr. Loeser began his law career at Wilson Sonsini in Silicon Valley, with a focus on technology law.

In 2002, Mr. Loeser was appointed an Assistant United States Attorney in Los Angeles, where he joined the elite Cyber and Intellectual Property Crimes Section. This role entailed months of training in the investigation and prosecution of hacking, computer intrusion, malware, and data breach cases. Mr. Loeser's training included detecting, tracing, and investigating hacking by state- sponsored and foreign black-hat operators — actors which some reports suggest were behind this data breach. It also included specialized training in investigation of the "dark web," where hackers turn to profit from their crimes and where evidence of the Data Breach was discovered. Mr. Loeser resolved hundreds of criminal cases — including federal hacking and data theft cases—and brought over a dozen federal cases to trial and through appeal. Mr. Loeser has preserved his relationships with leading cyber attorneys and investigators throughout the United States and abroad.

Mr. Loeser's years of government training in advanced forensic investigations and cyber law provides a deep understanding of the technological and legal parameters of a data breach. And his unique experience working closely within, and more recently with, government agencies at the forefront of the international cyber-war give him a perspective and insight that will benefit the victim-class.

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO CONSOLIDATE CASES AND APPOINT INTERIM CO-LEAD COUNSEL

Clarkson Law Firm, P.C.  |  22525 Pacific Coast Highway, Malibu, CA 90265  |  P: (213) 788-4050  F: (213) 788-4070  |  clarksonlawfirm.com

1    Mr. Loeser has found success in highly technical class cases, including *Ewing v.*
2    *Administrative Servs., Inc.*, No. 2:08-cv-00797-RAJ (W.D. Wash. 2008), where a
3    service provider for insurance companies compromised the Social Security numbers
4    and personal information of 500,000 persons. Mr. Loeser was appointed to the
5    Executive Committee in *In re T-Mobile 2022 Customer Data Security Breach*
6    *Litigation*, a nationwide MDL data breach case involving the personal information of
7    37 million persons. Mr. Loeser was also appointed to a leadership position in *In re*
8    *AT&T*, a data breach case involving the PII of 76 million current and former AT&T
9    customers. Mr. Loeser was also recently appointed to the Plaintiff's Steering
10   Committee in *In re Consumer Vehicle Driving Data Tracking Litigation*, a highly
11   complex nationwide MDL involving vehicle driving data that was being used by
12   insurers to unfairly raise consumer's insurance rates. Other notable privacy and data
13   breach cases in which he participated include *In re Carrier IQ, Inc., Consumer Privacy*
14   *Litig.*, No. 3:12-md-02330-EMC (N.D. Cal. 2012), *In re Target Corp. Customer Data*
15   *Sec. Breach Litig.*, and *Sheikh v. Tesla*, where Mr. Loeser was appointed class counsel.
16   At final approval of a complex and hard-fought settlement, Judge Beth Labson
17   Freeman remarked on the record:

18        I will reiterate that Class Counsel has demonstrated over
19        many years, superior experience and capability in handling
20        class actions of this sort.  It's not simple, you make it look
21        easy, and that is the art of what you do, Mr. Loeser, and the
22        Court certainly appreciates the good work in this case, and in
23        recognition of the many cases that your firm has handled over
24        the years.

25   Mr. Loeser worked extensively on many of the largest consumer class cases in
26   U.S. history. These include the over $17 billion consumer litigation in the Volkswagen
27   MDL and the related $1.2 billion franchise dealer litigation. Mr. Loeser's role in these

28

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION
TO CONSOLIDATE CASES AND APPOINT INTERIM CO-LEAD COUNSEL

Clarkson Law Firm, P.C.  |  22525 Pacific Coast Highway, Malibu, CA 90265  |  P: (213) 788-4050  F: (213) 788-4070  |  clarksonlawfirm.com

cases touched on all aspects of litigation, including extensive interaction with plaintiffs' leadership and defense counsel, discovery, depositions, legal briefing, and settlement. If appointed as Interim Class Counsel, Mr. Loeser will provide the same level of commitment to this case as he has done with each of his prior appointments.

### iii. Proposed Interim Class Counsel Have Committed, and Will Continue to Commit, the Resources Necessary to Fairly and Adequately Represent the Class

A court appointing interim class counsel should consider, in part, the resources that counsel will commit to representing the putative class. Fed. R. Civ. P. 23(g)(1)(c). Here, Proposed Interim Class Counsel can, as needed, draw upon the skills and talents of experienced attorneys and staff members located across the country. Ms. Hart and Mr. Loeser understand the time, energy, and skill necessary to lead this litigation and have committed the resources required to ensure the effective and efficient representation of the class members. Proposed Interim Class Counsel have already demonstrated their commitment to this litigation by devoting substantial resources to it and coordinating among themselves to consolidate the Related Actions and propose a leadership structure to the Court. As their firms' résumés and counsels' experience indicate, Proposed Interim Class Counsel have the resources to see this litigation through to its conclusion, including trial and any appeal. ***See* Ex. A,** Declaration of Yana Hart, and **Ex. B**, Declaration of Tom Loeser.

### iv. Other Factors Support Designating Proposed Interim Class Counsel

In determining the best appointment for a specific case, in addition to the factors considered included by the Court under Fed. R. Civ. P. 23(g)(1)(A), the Court may consider other factors that make a Leadership Slate most qualified to represent the Plaintiffs in a case. *See* Fed. R. Civ. P. 23(g)(1)(B).  Here, two other considerations support the requested appointments. First, Proposed Interim Class Counsel consists of lawyers and law firms that are diverse in makeup and views. For example, Ms. Hart is

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO CONSOLIDATE CASES AND APPOINT INTERIM CO-LEAD COUNSEL

Clarkson Law Firm, P.C. | 22525 Pacific Coast Highway, Malibu, CA 90265 | P: (213) 788-4050  F: (213) 788-4070 | clarksonlawfirm.com

Clarkson Law Firm, P.C.  |  22525 Pacific Coast Highway, Malibu, CA 90265  |  P: (213) 788-4050  F: (213) 788-4070  |  clarksonlawfirm.com

a woman who immigrated from Kazakhstan and Russia, with experience in large variety of complex litigation involving not only privacy issues, but also credit reporting, identity theft, and consumer protection. Mr. Loeser's firm, Cotchett, Pitre & McCarthy, has always hired and advanced women and persons with backgrounds and experiences that are underrepresented in the legal community. These efforts have created a workforce that can better represent the diverse classes the firm represents. CPM firmwide is 66% female and 47% persons of color. CPM's attorneys are just under 50% female and 25% persons of color. Clarkson also consists of ethnically, culturally, and geographically diverse teams, bringing a broad range of perspectives and experiences that enhance their collective commitment to inclusivity and effective advocacy. Collectively, co-leads' diverse cultural and professional background reflect broader values of representation and inclusivity, aligning with the interests of the class they seek to represent. It is indisputable that diverse teams are more efficient, creative, and successful.[4] *In re Data Breach Sec. Litig. Against Caesars Ent., Inc*., 2024 U.S. Dist. LEXIS 104130, at *16-17 (D. Nev. June 12, 2024) (noting ways diversity creates well rounded leadership structures including among others recruiting people from diverse backgrounds, distributing work to newer attorneys, and women in equity partnerships).

Second, Ms. Hart was among the first in the nation to seek judicial relief on behalf of the putative class, which further supports the proposed appointment given the Proposed Interim Counsel's respective qualifications, vast privacy related experience, knowledge of applicable laws, and available resources, discussed in Section IV(B)(b)

---

[4] *See, e.g.*, Robin J. Ely and David A. Thomas, *Getting Serious About Diversity: Enough Already with the Business Case*, HARVARD BUSINESS REVIEW (Nov.-Dec. 2020), https://hbr.org/2020/11/getting-serious-about diversity-enoughalready-with-the-business-case; Dieter Holger, *The Business Case for More Diversity*, WALL STREET JOURNAL (Oct. 26, 2019), https://www.wsj.com/articles/the-business-case-for-more diversity11572091200.

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION
TO CONSOLIDATE CASES AND APPOINT INTERIM CO-LEAD COUNSEL

above.[5] *See Easton v. Bailey*, 2013 U.S. Dist. LEXIS 206751, at * 4 (C.D. Cal. Jan. 4, 2013) (appointing as lead counsel the firms that were first to file, among consideration of other factors); *In re Sandisk SSDS Litig.,* 2023 WL 10367607, at *1 (N.D. Cal. Dec. 4, 2023) (appointing the first-filed case counsel as interim co-lead class counsel where both sets of counsel had worked to identify and investigate the claims, had extensive experience in handling a broad range of class actions, were generally knowledgeable about the governing law and had the resources to effectively represent the putative class); *Ekin v. Amazon Servs., LLC*, 2014 WL 12028588, at *4 (W.D. Wash. May 28, 2014) (considering who filed the first complaint, among other factors, when selecting interim class counsel among competing applicants).

## V.      **CONCLUSION**

For the reasons set forth above, Moving Plaintiffs G.E. and Donald Hatch respectfully request that this Court consolidate all related actions and appoint Proposed Interim Co-Lead Counsel Yana Hart of Clarkson Law Firm, P.C., and Thomas E. Loeser of Cotchett Pitre & McCarthy, LLP.

Respectfully submitted,

Dated: February 27, 2025          **CLARKSON LAW FIRM, P.C.**

By: */s/ Yana Hart*
Yana Hart, Esq.
22525 Pacific Coast Highway
Malibu, CA 90265
Tel: (213) 788-4050
Fax: (213) 788-4070
Email: yhart@clarksonlawfirm.com

---

[5] While *Bradley Anderson v. STIIIZY, Inc.*, 2:25-cv-00420-GW-SSC (C.D. California) was filed on January 16, 2025, it was voluntarily dismissed on January 17, 2025. Thus, the first filed case currently pending in this district is *G.E. v. STIIIZY Inc.*, 2:25-cv-00490-GW-SSC (C.D. California).

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO CONSOLIDATE CASES AND APPOINT INTERIM CO-LEAD COUNSEL

1

2   Dated: February 27, 2025         **COTCHETT PITRE & MCCARTHY, LLP**

3                                    By: */s/ Thomas E. Loeser*
4                                        Thomas E. Loeser
                                         2716 Ocean Park Blvd., Ste. 3088
5                                        Santa Monica, CA 90405
                                         Tel: (206) 802-1272
6                                        Fax: (310) 392-0111
7                                        Email: tloeser@cpmlegal.com

8                                        *Proposed Interim Co-Lead Counsel for*
9                                        *Plaintiffs*

10

11                          **<u>CERTIFICATE OF SERVICE</u>**

12         I hereby certify that I caused to be filed the foregoing document electronically

13   using the Court's electronic case filing (ECF) system, which will automatically send a

14   notice of electronic filing to the email addresses of all counsel of record.

15

16   Dated: February 27, 2025         */s/ Yana Hart*
                                       Yana Hart
17

18

19

20

21

22

23

24

25

26

27

28

17

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION
TO CONSOLIDATE CASES AND APPOINT INTERIM CO-LEAD COUNSEL

Clarkson Law Firm, P.C. | 22525 Pacific Coast Highway, Malibu, CA 90265 | P: (213) 788-4050  F: (213) 788-4070 | clarksonlawfirm.com