UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 25-490-GW-SSx | Date | April 10, 2025 |
|---|---|---|---|
| Title | *G.E. v. STIIIZY INC.* | | |

| Present: The Honorable | GEORGE H. WU, UNITED STATES DISTRICT JUDGE |
|---|---|

| Javier Gonzalez | None Present | |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None Present | None Present |

**PROCEEDINGS:** IN CHAMBERS - TENTATIVE RULING ON PLAINTIFFS' MOTION TO CONSOLIDATE CASES AND APPOINT INTERIM CO-LEAD COUNSEL [19]

Attached hereto is the Court's Tentative Ruling on Plaintiffs' Motion [19] set for hearing on April 14, 2025 at 8:30 a.m.

:

Initials of Preparer    JG

<u>**G.E. v. STIIIZY INC.**</u>; Case No. 2:25-cv-00490-GW-(SSC)
Tentative Ruling on Motion to Consolidate Cases and Appoint Interim Co-Lead Counsel

Before the Court is Plaintiff's Motion to Consolidate Cases and Appoint Interim Co-Lead Counsel (the "Motion"). *See* Motion, Docket No. 19. Defendant has not opposed the Motion. For the reasons stated herein, the Court would **GRANT** the Motion.

**I.     Background**

On January 17, 2025, G.E. filed the present class action complaint against STIIIZY Inc. ("Defendant"), alleging that between October 10, 2024 and November 10, 2024, the cannabis brand failed to ensure that customers' data was properly secured, resulting in a data breach in which customers' personally identifiable information and protected health information was acquired by cybercriminals. *See generally* Complaint, Docket No. 1. G.E. brought nine causes of action: (1) violation of California's Unfair Competition Law, Cal. Bus. & Prof. Code § 17200, et seq.; (2) violation of California's Confidentiality of Medical Information Act, Cal. Civ. Code § 56, et seq.; (3) deceit by concealment, Cal. Civ. Code §§ 1709, 1710; (4) violation of the California Consumer Privacy Act, Cal. Civ. Code § 1798.100; (5) negligence; (6) breach of express warranty; (7) invasion of privacy; (8) unjust enrichment; and (9) violation of the California Consumer Legal Remedies Act, Cal. Civ. Code § 1750, et seq. *Id.* G.E. is seeking to represent a class comprised of "[a]ll persons whose Private Information was accessed, compromised, or stolen in the Data Breach announced by Defendant on January 7, 2025." *Id.* ¶ 80.

Within five days of G.E.'s filing, three other plaintiffs filed separate complaints in this District raising similar causes of action and seeking to represent what appears to be the same class of individuals. *See Krauth v. STIIIZY Inc.*, Case No. 2:25-cv-00517-GW-RAO ("*Krauth*"); *Wenzel v. STIIIZY, Inc.*, Case No. 2:25-cv-00510-MRA-SK ("*Wenzel*"); *Hatch v. STIIIZY, Inc. et al*, Case No. 2:25-cv-00554-HDV-E ("*Hatch*").[1]

On February 27, 2025, G.E. and Donald Hatch ("Moving Plaintiffs") filed the Motion currently before the Court, seeking (1) to consolidate the four related cases and any future related actions arising from the same data breach which may be filed in, removed to, or transferred to this Court, under the low-numbered case with the caption *In re STIIIZY Data Breach Litigation*, and

---

[1] The Court notes that on March 21, 2025, the Plaintiff in *Krauth* voluntarily dismissed his complaint without prejudice. *See Krauth*, Docket No. 17.

1

(2) to appoint Yana Hart ("Hart") of Clarkson Law Firm, P.C., and Thomas E. Loeser ("Loeser") of Cotchett Pitre & McCarthy LLP, as Interim Co-Lead Counsel for Plaintiffs. Defendant does not oppose the Motion. *See* Docket No. 21. Plaintiff in *Wenzel* has not joined the Moving Plaintiffs in this Motion, but he has also not opposed the Motion, and, in agreeing to extend the Defendant's time to respond to their respective complaints, he wrote that "Plaintiff in this action, along with plaintiffs in three other related actions, filed a motion to consolidate this action with the related actions," suggesting that at the least he does not oppose consolidation. *See Wenzel*, Docket No. 16.[2]

## II.   Legal Standard

### A. Motion to Consolidate

Consolidation under Rule 42(a) is left to the broad discretion of the district courts. *Invs. Rsch. Co. v. U.S. Dist. Ct. for Cent. Dist. of California*, 877 F.2d 777 (9th Cir. 1989). Pursuant to Rule 42 of the Federal Rules of Civil Procedure: "If actions before the court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay." Fed. R. Civ. P. 42(a). Thus, under Rule 42, the main question a court must address is whether there are common questions of law or fact. A reviewing court then must "weigh[ ] the saving of time and effort consolidation would produce against any inconvenience, delay or expense that it would cause." *Huene v. United States*, 743 F.2d 703, 704 (9th Cir.), *on reh'g*, 753 F.2d 1081 (9th Cir. 1984). The court may consider factors such as disparate trial dates or different stages of discovery as weighing against consolidation of the cases. *See* 9 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure: Civil § 2383 (3rd ed. 2024). The party seeking consolidation bears the burden of establishing that the judicial economy and convenience benefits of consolidation outweigh any prejudice. *Indiana State District Council of Laborers and Hod Carriers Pension Fund v. Gecht*, No. 3:06-cv-07274-EMC, 2007 WL 902554, at *1 (N.D. Cal. March 22, 2007).

### B. Motion to Appoint Interim Class Counsel

Federal Rule of Civil Procedure 23(g) provides that "the Court may designate interim counsel to act on behalf of the putative class before determining whether to certify the action as a

---

[2] Plaintiff in *Krauth* did the same before voluntarily dismissing the case. *See Krauth*, Docket No. 15

2

class action." Fed. R. Civ. P. 23(g)(2)(A). This rule authorizes the court to designate interim counsel during the pre-certification period if necessary to protect the interests of the putative class. *Id.* This typically occurs in cases where "a large number of putative class actions have been consolidated or otherwise are pending in a single court." *In re Nest Labs Litigation*, No. 14-cv-01363-BLF, 2014 WL 12878556, at *1 (N.D. Cal. Aug. 18, 2014) (citation omitted); *see also White v. TransUnion, LLC*, 239 F.R.D. 681, 683 (C.D. Cal. 2006) (citation omitted) ("Instances in which interim class counsel is appointed are those in which overlapping, duplicative, or competing class suits are pending before a court, so that appointment of interim counsel is necessary to protect the interests of class members.").

Designation of interim class counsel is also appropriate when there is competition between law firms to represent the class. *See Parish v. Nat'l Football League Players, Inc.*, No. 3:07-cv-00943-WHA, 2007 WL 1624601, at *9 (N.D. Cal. June 4, 2007) (declining to designate interim class counsel where there was only "a single action" and no "gaggle of law firms jockeying to be appointed"). In cases where attorneys cannot "coordinate their activities without the court's assistance," a court should "invite submissions and suggestions from all counsel and conduct an independent review (usually a hearing is advisable) to ensure that counsel appointed to leading roles are qualified and responsible." Ann. Manual for Complex Lit. §§ 10.22, 21.272 (4th ed.) Federal Rule of Civil Procedure 23(g)(1)(A) sets out the considerations that courts must weigh when appointing class counsel once a class has been certified, which courts also apply to the appointment of interim class counsel prior to class certification. *See, e.g., Wright v. Jacob Transportation, LLC*, No. 2:15-cv-00056-JAD-GEF, 2015 WL 3916001, at *3 (D. Nev. June 24, 2015). The four factors courts must consider when appointing interim class counsel include: (1) the work counsel has done in identifying or investigating potential claims in the action; (2) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action; (3) counsel's knowledge of the applicable law; and (4) the resources that counsel will commit to representing the class. Fed. R. Civ. P. 23(g)(1)(A)(i)-(iv).

**III.     Discussion**

    **A. Motion to Consolidate**

Moving Plaintiffs seek to consolidate this matter with *Krauth*, *Wenzel*, and *Hatch* under the caption *In re STIIIZY Data Breach Litigation*. *See* Motion at 4; *Krauth*, Docket No. 15; *Wenzel*, Docket No. 16; *Hatch*, Docket No. 24. Defendant and other Plaintiffs do not object. *See id.*, *see*

*also* Docket No. 21.

Having reviewed the respective complaints, the Court finds that all of the cases are brought against the same Defendant, arise from the same data breach, contain overlapping claims, classes, and relief, and raise substantially the same questions of law and fact.[3] Consolidation would prevent substantial duplication of labor and inconsistent findings on the same questions of law and fact, and the Court is aware of no inconvenience, delay, or expense that would result from consolidation, particularly as Defendant has not yet answered the complaint in any of the cases.  *See Huene*, 743 F.2d at 704; *Jine v. OTA Franchise Corp.*, No. 8:20-cv-00769-JVS-(KES), 2020 WL 7129374, at *14 (C.D. Cal. Sept. 11, 2020) ("The three actions arise out of fundamentally common questions of law and fact and failure to consolidate would simply result in repetitive motions and hearings."). The Court **GRANTS** the Motion to Consolidate.

### B. Motion to Appoint Interim Class Counsel

Moving Plaintiffs ask for the Court to appoint Hart and Loeser as Interim Co-Lead Counsel for Plaintiffs pursuant to Rule 23(g).  They argue that Hart and Loeser "have the case-management and complex-litigation skills, experience, knowledge of the relevant facts and legal issues, support of two of the four Plaintiffs in Related Actions in this District, and the extensive resources needed to efficiently prosecute this action on behalf of putative class members."  Motion at 6.  Moving Plaintiffs assert that their proposed interim class counsel representatives are well-suited to the job based on all four of Rule 23(g)'s factors.  Regarding the work done on the case thus far, Moving Plaintiffs highlight their investigation of facts around the data breach, their interviewing of customers affected, their researching of legal claims, and their drafting of initial pleadings, among other actions.  *Id.* at 7.  On the second and third prongs, Moving Plaintiffs point to Hart's and Loeser's "extensive experience leading data breach and other complex class actions," which they argue is particularly important based on the complexity of such matters.  *Id.* at 8-14; *see Gordon v. Chipotle Mexican Grill, Inc.*, No. 1:17-cv-01415-CMA-SKC, 2019 WL 6972701, at *1 (D. Colo. Dec. 16, 2019) ("Data breach cases . . . are particularly risky, expensive, and complex."). They further highlight comments from judges, singling them out for their expertise.  *Id.* at 11, 13. On the fourth prong, Moving Plaintiffs argue that they have already committed significant resources to the case and that they "have the resources to see this litigation through to its

---

[3] In *Hatch*, the Plaintiff has included CV Wellness, LLC as a co-defendant.  This inclusion does not render consolidation improper.  *See* Fed. R. Civ. P. 42.

conclusion, including trial and any appeal." *Id.* at 14. Finally, Moving Plaintiffs note that they were the first to seek relief on behalf of the class and will lead a diverse team in seeking a resolution. *Id.* at 14-16.

The Court has no doubt that based on their experience and resources, the proposed interim class counsel representatives are well-qualified to vigorously litigate the consolidated action. Although one of the three Plaintiffs in the remaining related actions has not agreed on the proposed interim class counsel, and the Court has the ability to "invite submissions and suggestions from all counsel and conduct an independent review," *see* Ann. Manual for Complex Lit. §§ 10.22, 21.272 (4th ed.), in this case, the remaining plaintiff was made aware of the pending Motion, but opted not to propose an alternate interim class counsel, *see* Proof of Service, Docket No. 20. As such, the proposal of the Moving Plaintiffs is the only one before the Court, and, based on the reasoning above, the Court would **GRANT** the Motion to Appoint Interim Co-Lead Counsel.

### IV. <u>Conclusion</u>

Based on the foregoing discussion, the Court would **GRANT** the Motion.