# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

IN RE: STIIIZY INC., DATA BREACH SECURITY LITIGATION

This Document Relates To:
*ALL CASES*

CASE NO. 2:25-cv-00490-GW-SSC

**FINAL APPROVAL ORDER**

Date: October 26, 2026
Time: 8:30 a.m.
Courtroom: 9D (TELEPHONIC)
Judge: Hon. George H. Wu

WHEREAS, the Court, having considered the Settlement Agreement filed April 9, 2026 (ECF No. 54-3) (the "Settlement") between and among Plaintiffs G.E., Donald Hatch, Bradley Anderson, Daniel Martinez, Lorenzo Montoya, and Elizabeth Orozco-Preza ("Plaintiffs"), individually and on behalf of the Settlement Class, and Defendant Stiiizy, Inc. ("Stiiizy" or "Defendant") (collectively, the "Parties"), the Court's Order Granting Preliminary Approval of Class Action Settlement entered May 28, 2026 (ECF No. 73) ("Preliminary Approval Order"), having held a Final Approval Hearing on October 19, 2026, and a telephonic conference on October 26, 2026, having considered all the submissions and arguments with respect to the Settlement, and otherwise being fully informed, and good cause appearing therefor;

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED:**

1. Plaintiffs' Motion for Final Approval of Class Action Settlement is **GRANTED**.

2. This Order incorporates herein and makes a part hereof the Settlement (including its exhibits) and the Preliminary Approval Order. Unless otherwise provided herein, the terms defined in the Settlement and Preliminary Approval Order shall have the same meanings for purposes of this Order.

3. The Court has personal jurisdiction over Plaintiffs, the Settlement Class Members, and Defendant for purposes of this Settlement, and has subject matter jurisdiction over this matter including, without limitation, jurisdiction to approve the Settlement, to confirm certification of the Settlement Class for settlement purposes only, to settle and release all claims released in the Settlement, and to dismiss the Action with prejudice.

## I. CERTIFICATION OF THE SETTLEMENT CLASS

4. Based on its review of the record, including the Settlement, all submissions in support of the Settlement, and all prior proceedings in the Action, the Court finally certifies the following Nationwide Settlement Class and California Subclass (collectively, the "Settlement Class"), for settlement purposes only:

> **Nationwide Settlement Class:** All persons whose Private Information was accessed, compromised, or stolen in the Data Security Incident announced by Defendant on January 7, 2025.
>
> **California Subclass:** All persons who were citizens of California when doing business with Defendant, whose Private Information was accessed, compromised, or stolen in the Data Security Incident announced by Defendant on January 7, 2025.
>
> Excluded from the Settlement Class are officers and directors of Defendant, Class Counsel, the presiding judges, and any members of the presiding judges' immediate family and judicial staff; and the two (2) individuals who timely and validly requested exclusion from the Settlement Class, who are identified in Exhibit A hereto.

5. The time to opt out of the Settlement Class has expired, and two (2) individuals have submitted timely and valid requests for exclusion from the Settlement Class.

6. The time to object to the Settlement has expired, and zero (0) individuals submitted a timely and valid objection to the Settlement.

7. For settlement purposes only, with respect to the Settlement Class, the Court confirms that the prerequisites for a class action pursuant to Federal Rule of Civil Procedure 23 have been met, in that: (a) the Settlement Class is so numerous that joinder of all individual Settlement Class Members in a single proceeding is impracticable; (b) questions of law and fact common to all members of the Settlement Class predominate over any potential individual questions; (c) the claims of Plaintiffs are typical of the claims of the Settlement Class; (d) Plaintiffs and Class Counsel have fairly and adequately represented the interests of the Settlement Class; and (e) a class action is the superior method to fairly and efficiently adjudicate this controversy. No objections to the Settlement have been made.

## II. NOTICE TO THE SETTLEMENT CLASS

8. The Court finds that Notice has been given to the Settlement Class in the manner directed by the Court in the Preliminary Approval Order. The Court finds that such Notice: (i) was reasonable and constituted the best practicable notice under the circumstances; (ii) was reasonably calculated, under the circumstances, to apprise Settlement Class Members of the pendency of the Action, the terms of the Settlement including its Releases, their right to exclude themselves from the Settlement Class or object to all or any part of the Settlement, their right to appear at the Final Approval Hearing (either on their own or through counsel hired at their own expense), and the binding effect of final approval of the Settlement on all persons who do not exclude themselves from the Settlement Class; (iii) constituted due, adequate, and sufficient notice to all persons or entities entitled to receive notice; and (iv) fully satisfied the

requirements of Federal Rule of Civil Procedure 23, the United States Constitution (including the Due Process Clause), and any other applicable law.

9. Furthermore, the Court finds that notice under the Class Action Fairness Act was effectuated within the time required by 28 U.S.C. § 1715, and that ninety (90) days have passed without comment or objection from any governmental entity.

## III. FINAL APPROVAL OF THE SETTLEMENT

10. The Court finds that the Settlement resulted from arm's-length negotiations between Class Counsel and Defendant.

11. The Court hereby finally approves in all respects the Settlement as fair, reasonable, and adequate, and in the best interest of the Settlement Class.

12. The Court finds that Plaintiffs and Class Counsel fairly and adequately represented the interests of Settlement Class Members in connection with the Settlement.

13. The Court confirms its appointment of G.E., Donald Hatch, Bradley Anderson, Daniel Martinez, Lorenzo Montoya, and Elizabeth Orozco-Preza as the Representative Plaintiffs, and of Ryan J. Clarkson, Yana Hart, and Bryan P. Thompson of Clarkson Law Firm, P.C. as Class Counsel. The Court further appoints Kelly Weil of Cotchett, Pitre & McCarthy, LLP as Class Counsel in place of Thomas E. Loeser.

14. The Parties shall consummate the Settlement in accordance with the terms thereof. The Settlement, and each and every term and provision thereof, including its Releases, shall be deemed incorporated herein as if explicitly set forth herein and shall have the full force and effect of an order of this Court.

## IV. DISMISSAL OF CLAIMS AND RELEASE

15. The Action is hereby dismissed with prejudice as to all Parties, including the Settlement Class and without cost to any party, except as otherwise provided herein or in the Settlement.

16. Upon the Effective Date, and in consideration of the benefits set forth in the Settlement, the "Releasing Parties" (Plaintiffs and all Settlement Class Members who did

not timely and properly exclude themselves from the Settlement, and each of their respective heirs, executors, administrators, representatives, agents, partners, successors, attorneys, and assigns) shall release the Released Persons (defined in the Settlement as Defendant and any and all of its respective past, present, and future officers, directors, employees, agents, attorneys, advisors, owners, direct and indirect parent corporations, direct and indirect subsidiary corporations, brother or sister corporations, divisions, insurers, reinsurers, shareholders, CV Wellness dba Authentic 209, subrogees and the predecessors, successors, and assigns of any of the foregoing) from the Released Claims.

17. For purposes of this Final Approval Order, "Released Claims" shall collectively mean any and all past, present, and future claims, causes of action, lawsuits, set-offs, costs, expenses, attorneys' fees, losses, rights, demands, charges, complaints, actions, suits, petitions, obligations, debts, contracts, penalties, damages, or liabilities of any nature whatsoever, liquidated or unliquidated, accrued or unaccrued, fixed or contingent, direct or derivative, matured or unmatured, in law or equity, and any other form of legal or equitable relief that either has been asserted or could have been asserted by any member of the Settlement Class against Released Persons, based on, relating to, or arising out of the Data Security Incident. Released Claims shall not include the right of any Settlement Class Member or any of the Released Persons to enforce the terms of the Settlement and shall not include the claims of Settlement Class Members who have timely excluded themselves from this Settlement using the protocol described in the Settlement. For the avoidance of doubt, "Released Claims" does not include bodily injury claims. But it does include claims of psychological harms and emotional distress based on, relating to, or arising out of the Data Security Incident. Settlement Class Members also waive all unknown claims based on, relating to, or arising out of any of the legal, factual, or other allegations made in the Consolidated Class Action Complaint ("CCAC"), or any legal theories that could have been raised based on the allegations of the CCAC. The Parties, but not the Settlement Class Members, also agree to the broadest general

waiver of unknown claims under Section 1542 of the Civil Code of the State of California and any similar laws of any state, jurisdiction, or territory as it relates to the subject matter of the releases in the Settlement Agreement. Each of the Parties understands that the facts in respect to which the general release made in the Settlement Agreement is given may hereafter turn out to be other than or different from the facts in connection therewith now known or believed by such party to be true; and each of the Parties hereby accepts and assumes the risk of the facts turning out to be different, and agrees that the Settlement Agreement shall be, and remain in all respects, effective and not subject to termination or rescission by virtue of any such difference in facts. Section 1542 reads as follows: “A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.”

18. In consideration for the Settlement and the benefits set forth herein, the Plaintiffs and Defendant acknowledge that the Releases include potential claims and costs that may not be known or suspected to exist and that Plaintiffs have agreed that all rights under California Civil Code § 1542, and any similar law of any state or territory of the United States, are expressly and affirmatively waived. California Civil Code § 1542 states as follows:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY.

19. The Plaintiffs and all Settlement Class Members and Releasing Parties, and persons purporting to act on their behalf, are permanently enjoined from commencing or

prosecuting (either directly, representatively, or in any other capacity) any of the Released Claims against any of the Released Persons in any action or proceeding in any court, arbitration forum, or tribunal.

## V. ATTORNEYS' FEES, COSTS, AND EXPENSES AND CLASS REPRESENTATIVES' SERVICE AWARDS

20. The Court awards attorneys' fees of $737,500 and reimbursement of costs and expenses in the amount of $31,121.32, and payment of a service award in the amount of $2,500 each to the Class Representatives G.E., Donald Hatch, Bradley Anderson, Daniel Martinez, Lorenzo Montoya, and Elizabeth Orozco-Preza, for a total of $15,000. The Court directs the Claims Administrator to pay such amounts from the Settlement Fund in accordance with the terms of the Settlement. Class Counsel, in their sole discretion to be exercised reasonably, shall allocate and distribute the attorneys' fees, costs, and expenses awarded by the Court among Plaintiffs' counsel of record in the Action.

## VI. CLAIMS ADMINISTRATION AND DISTRIBUTION

21. The Court confirms its appointment of Eisner Advisory Group, LLC ("EAG") as Claims Administrator. The Court approves payment to EAG from the Settlement Fund of $300,315.69 in notice and administration costs, consisting of (a) $278,941.42 in notice and administration costs that had been incurred through October 15, 2026; and (b) $21,374.27 in hard costs to distribute Settlement payments and enrollment information for the Credit Monitoring and Insurance Services ("CMIS"), including printing and mailing checks, issuing digital payments, and postage. Any portion of the $21,374.27 that EAG does not actually incur shall remain in the Settlement Fund.

22. EAG anticipates incurring additional $13,425.87 in administration costs related to the distribution and processing of claims, tax reporting, and accounting of the Settlement funds. The Court hereby conditionally approves payment of up to $13,425.87

for these additional costs, subject to EAG's submission of a final accounting and declaration confirming that these costs were actually incurred. Upon submission of such accounting and declaration, EAG may disburse from the Settlement Fund the amount of actual costs incurred, up to $13,425.87. Any unused portion shall be treated as residual funds under ¶ 2.8 of the Settlement.

23. Claim Forms received by the Claims Administrator after the Claims Deadline but on or before the date of entry of this Final Approval Order shall be treated as timely and shall be paid if otherwise valid.

24. Claimants whose Claim Forms the Claims Administrator has identified as incomplete or materially deficient shall have thirty (30) days from the date the Claims Administrator sends a deficiency notice to cure the defect. If the defect is not cured, the claim shall be paid as a Pro Rata Cash Fund Payment claim if the Claims Administrator can identify the claimant as a Settlement Class Member and has sufficient information to issue payment, and the claim is not otherwise invalid. Otherwise, the claim shall be denied.

25. The Claims Administrator shall distribute CMIS enrollment information and activation codes to Settlement Class Members who elected CMIS within thirty (30) days after the Effective Date, and those Settlement Class Members shall have twelve (12) months to enroll.

## VII. OTHER PROVISIONS

26. Without affecting the finality of this Final Approval Order in any way, the Court retains continuing and exclusive jurisdiction over the Parties and the Settlement Class for the purpose of consummating, implementing, administering, and enforcing all terms of the Settlement.

27. Nothing in this Final Approval Order, the Settlement, or any documents or statements relating thereto, is or shall be deemed or construed to be an admission or

evidence of any violation of any statute or law or of any liability or wrongdoing by Defendant.

28. In the event the Effective Date does not occur, this Final Approval Order shall be rendered null and void and shall be vacated and, in such event, as provided in the Settlement, this Order and all orders entered in connection herewith shall be vacated and null and void, the Parties shall be restored to their respective positions in the Action, all of the Parties' respective pre-Settlement claims and defenses will be preserved, and the terms and provisions of the Settlement shall have no further force and effect with respect to the Parties and shall not be used in the Action or in any other proceeding for any purpose, and any judgment or order entered by the Court in accordance with the terms of the Settlement shall be treated as vacated, *nunc pro tunc*.

29. There being no just reason for delay, the Clerk of Court is hereby directed to enter final judgment forthwith pursuant to Federal Rule of Civil Procedure 58.

30. The Court sets a final status conference re distribution of settlement funds for **January 21, 2027 at 8:30 a.m.** and the parties shall submit a joint report by January 18, 2027.

**IT IS SO ORDERED** this 26th day of October, 2026.

THE HON. GEORGE H. WU
United States District Judge