**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| IN RE: STIIIZY INC., DATA BREACH SECURITY LITIGATION<br><br>This Document Relates To:<br>*ALL CASES* | CASE NO. 2:25-cv-00490-GW-SSC<br><br>**JUDGMENT** |

WHEREAS, the Court, having considered the Settlement Agreement filed April 9, 2026 (ECF No. 54-3) (the "Settlement") between and among Plaintiffs G.E., Donald Hatch, Bradley Anderson, Daniel Martinez, Lorenzo Montoya, and Elizabeth Orozco-Preza ("Plaintiffs"), individually and on behalf of the Settlement Class, and Defendant Stiiizy, Inc. ("Stiiizy" or "Defendant") (collectively, the "Parties"), the Court's Order Granting Preliminary Approval of Class Action Settlement entered May 28, 2026 (ECF No. 73) ("Preliminary Approval Order"), having held a Final Approval Hearing on October 19, 2026, and a telephonic conference on October 26, 2026, having considered all the submissions and arguments with respect to the Settlement, and otherwise being fully informed, and good cause appearing therefor;

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED:**

1. This Court has jurisdiction over the subject matter of the Action, this litigation, and over all parties to the Action, including all Settlement Class Members.

2. The Court finally certifies the Nationwide Settlement Class and California Subclass for settlement purposes only. "Private Information" has the meaning given to that term in the Settlement Agreement. The Nationwide Settlement Class is defined as "[a]ll persons whose Private Information was accessed, compromised, or stolen in the Data Security Incident announced by Defendant on January 7, 2025." The California Subclass is defined as "[a]ll persons who were citizens of California when doing business with Defendant, whose Private Information was accessed, compromised, or stolen in the Data Security Incident announced by Defendant on January 7, 2025."

3. Excluded from the Settlement Class are officers and directors of Defendant, Class Counsel, the presiding judges, and any members of the presiding judges' immediate family and judicial staff.

4. The time to opt-out of the Settlement Class has expired, and two (2) individuals have submitted a timely and valid opt-out of the Settlement Class. Those persons are identified in Exhibit A to the Final Approval Order. Such persons shall not receive the benefits of the Settlement and shall not be bound by this Judgment.

5. The time to object to the Settlement has expired, and zero (0) individuals submitted a timely and valid objection to the Settlement.

6. This Court hereby enters Judgment in accordance with, and subject to, the terms set forth in the Final Approval Order, and the Class Representatives and the Settlement Class Members shall take nothing except as provided in the Settlement Agreement.

7. Class Representatives G.E., Donald Hatch, Bradley Anderson, Daniel Martinez, Lorenzo Montoya, and Elizabeth Orozco-Preza fairly and adequately represented the Settlement Class Members.

8. Settlement Class Counsel Ryan J. Clarkson, Yana Hart, and Bryan P. Thompson of Clarkson Law Firm, P.C., along with Kelly Weil of Cotchett, Pitre & McCarthy, LLP, fairly and adequately represented the Settlement Class Members.

9. The Parties shall take all steps necessary and appropriate to provide Settlement Class Members with the benefits to which they are entitled under the terms of the Settlement Agreement and pursuant to the Orders of the Court.

10. Class Representatives are each awarded a Service Award of $2,500, for a total of $15,000.

11. Class Counsel is hereby awarded $737,500 in attorneys' fees and $31,121.32 in expenses, for a total of $768,621.32, which amounts are approved as fair and reasonable, in accordance with the terms of the Settlement Agreement.

12. The Claims Administrator, Eisner Advisory Group, LLC, is awarded $300,315.69 in notice and administration costs, consisting of $278,941.42 in costs incurred through October 15, 2026, and $21,374.27 in hard costs to distribute Settlement payments and enrollment information for the Credit Monitoring and Insurance Services, as set forth in the Final Approval Order. To the extent the costs were not incurred, they shall be distributed to the Class. The remaining $13,425.87 in estimated administration costs shall be held in trust in the Settlement Fund and paid only as approved by further order of the Court.

13. The Court hereby approves the Settlement Agreement and finds that the Settlement is, in all respects, fair, reasonable, and adequate to the Settlement Class.

14. For purposes of this Judgment, "Released Claims" mean any and all past, present, and future claims, causes of action, lawsuits, set-offs, costs, expenses, attorneys' fees, losses, rights, demands, charges, complaints, actions, suits, petitions, obligations, debts, contracts, penalties, damages, or liabilities of any nature whatsoever, liquidated or unliquidated, accrued or unaccrued, fixed or contingent, direct or derivative, matured or unmatured, in law or equity, and any other form of legal or equitable relief that either has been asserted or could have been asserted by any member of the Settlement Class against Released Persons, based on, relating to, or arising out of the Data Security Incident. Released Claims shall not include the right of any Settlement Class Member or any of the Released Persons to enforce the terms of the Settlement contained in the Settlement

Agreement and shall not include the claims of Settlement Class Members who have timely excluded themselves from the Settlement using the protocol described in the Settlement Agreement. For the avoidance of doubt, "Released Claims" does not include bodily injury claims. But it does include claims of psychological harms and emotional distress based on, relating to, or arising out of the Data Security Incident. Settlement Class Members also waive all unknown claims based on, relating to, or arising out of any of the legal, factual, or other allegations made in the Consolidated Class Action Complaint ("CCAC"), or any legal theories that could have been raised based on the allegations of the CCAC. The Parties, but not the Settlement Class Members, also agree to the broadest general waiver of unknown claims under Section 1542 of the Civil Code of the State of California and any similar laws of any state, jurisdiction, or territory as it relates to the subject matter of the releases in the Settlement Agreement. Each of the Parties understands that the facts in respect to which the general release made in the Settlement Agreement is given may hereafter turn out to be other than or different from the facts in connection therewith now known or believed by such party to be true; and each of the Parties hereby accepts and assumes the risk of the facts turning out to be different, and agrees that the Settlement Agreement shall be, and remain in all respects, effective and not subject to termination or rescission by virtue of any such difference in facts. Section 1542 reads as follows: "A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party."

15. Upon the Effective Date, and in consideration of the benefits set forth in the Settlement, the "Releasing Parties" (Plaintiffs and all Settlement Class Members who did not timely and properly exclude themselves from the Settlement, and each of their respective heirs, executors, administrators, representatives, agents, partners, successors, attorneys, and assigns) shall release the Released Persons (defined as Defendant and any and all of its respective past, present, and future officers, directors, employees, agents,

attorneys, advisors, owners, direct and indirect parent corporations, direct and indirect subsidiary corporations, brother or sister corporations, divisions, insurers, reinsurers, shareholders, CV Wellness dba Authentic 209, subrogees and the predecessors, successors, and assigns of any of the foregoing) from the Released Claims.

16. Upon the Effective Date, Defendant shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished, and discharged Plaintiffs, each and all of the Settlement Class Members, and Settlement Class Counsel from all claims that arise out of or relate in any way to the institution, prosecution, assertion, settlement of this Litigation against Defendant, except for claims relating to the enforcement of the settlement, and for the submission of false or fraudulent claims for settlement benefits.

17. The Notice disseminated pursuant to the Notice Plan and by Order of this Court was the best notice practicable under the circumstances. The Class Notice provided due and adequate notice of those proceedings and of the matters set forth therein, including the proposed Settlement, to all persons entitled to such notice, and the Notice fully satisfied the requirements of federal law and the requirements of due process.

18. Pursuant to the Settlement Agreement, this Court retains jurisdiction over the Parties to enforce the terms of the Settlement Agreement, the Final Approval Order, and this Judgment.

19. This document shall constitute a judgment for purposes of Federal Rules of Civil Procedure 54 and 58(a). The Clerk is directed to enter this Judgment forthwith.

20. This Judgment shall be posted on the Settlement Website until at least one hundred eighty (180) days after the Effective Date.

**IT IS SO ORDERED** this 26th day of October, 2026.

THE HON. GEORGE H. WU
United States District Judge